Madeline **PETROFSKY,** As Legal Beneficiary of the Estate of Albert I. Orsak, Plaintiff,

v.

**ARA GROUP, INC.,** et al., **Defendants.**

Civ. A. No. H–94–2421.

United States District Court, S.D. Texas, Houston Division.

Feb. 24, 1995.

David T. Marks, Houston, TX, for plaintiff.

Paul G. Preston, Houston, TX, for defendants.

## OPINION ON REMAND

HUGHES, District Judge.

This case was removed from the 229th District Court of Texas in Starr County as a federal question because of the effect of numerous federal regulations on the operation of nursing homes.

This case arose when a patient of a home in La Grange was assaulted by another patient. The Care Inn, an assumed name of Texas, Inc., owns and operates the home in La Grange, which is in Fayette County.

At the hearing on the motion to remand, the plaintiff said that the case was filed in Starr County because an affiliate of the defendant corporation was a non-resident corporation that owned a wholly unrelated nursing home in Starr County. The affiliated corporation was joined as a defendant, the plaintiff said, because it might have had something to do with some corporate policy or standard. There is no connection between this case and Starr County, as there is no connection between the two surplus corporate defendants and the acts in this case.

After a case has been pending for five months, a plaintiff ought to be able to articulate a plausible factual connection of every defendant to a cause of action and, when asked, to mention a fact or two consistent with the theory for each. The plaintiff could not do it. The extra parties should be dismissed, and the case should pend in the Texas District Court for Fayette County.

■ This court announced that it would remand the case to Fayette County in an exercise of efficient justice, but the plaintiff's objection requires that it be returned, as the statute plainly says, to "the state court."

> (c) ... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.... The State court may thereupon proceed with such case.

28 U.S.C. § 1447(c). The only court mentioned in the statute, and the only logical referent, is to the state court from which the case was removed.

The defendant suggests that by not using the specific language "from which it was removed" in the general section of the statute Congress intended that a case could be remanded to another state court. That phrase comes from the appellate review section, and, if read that way, a case of a federal officer sued in state court could get appellate review only of an order remanding his case to the original state court but he could not get appellate review if the case were sent to another state court. The statute twice refers unequivocally to an "order remanding a case to *the* State court *from which it was removed.*" 28 U.S.C. § 1447(d) (emphasis added). The phrase "from which it was removed" is worse than surplusage, treating it as an independent directive risks confounding the plain meaning of the statute and the sub-section.

*Remand* means to send back; *remand* is from the Latin for "hand again." NEW SHORTER OXFORD ENGLISH DICTIONARY, 1683, 2539 (1993). The case must be handed back, not handed somewhere else. 28 U.S.C. § 1447(d).

■ A case cannot be remanded to a court from which it did not come, regardless of how just or expedient that result might be. This court cannot transfer a case without jurisdiction of the subject. Another court of the same state within the same jurisdiction—however identical they might otherwise be—is not the court from which it was removed.

In a metropolitan county in Texas, several district courts may have the identical geographic assignment and the identical subject jurisdiction, but each is a distinct court. There is one 229th Judicial District of Texas, and this case will be returned to that court without improvement or damage for its having been removed improvidently. TEX.GOV. CODE § 24.276.